UNITED STATES v. HOWARD.

No. 7195.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1934.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and David A. Turner, Atty., Department of Justice, of San Antonio, Tex., for the United States.

Clyde Vinson, of San Angelo, Tex., and Mark Callaway, of Brownwood, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee obtained judgment in the District Court for the Northern District of Texas on a certificate of war risk insurance and the government appealed. Appellee has moved to dismiss the appeal on the ground that the transcript was not filed in this court within the delay allowed by our rules.

■■ It appears from the record that the judgment was entered on April 28, 1933. The appeal was allowed on June 24, 1933, and citation was signed and issued on the same day. A second citation was issued on September 27, 1933. The record was received and filed in this court on October 23, 1933. No order extending the time for filing the transcript was ever entered.

Our rule 14 provides that all appeals and citations must be made returnable and transcript be filed in the clerk's office at New Orleans within 30 days of the signing of the citation. Our rule 16 provides that, for good cause shown, the time for filing the transcript may be enlarged by the trial judge for an additional 60 days or, without restriction, by any judge of this court, if applied for before the original or extended return day.

As the second citation was unauthorized and could have no effect, it is apparent that the transcript was filed nearly four months too late. We are now asked by the government to suspend or waive our rules and enter an order nunc pro tunc allowing the filing of the transcript as of the date it was delivered to the clerk, on the ground that the attorneys now representing the government had nothing to do with the trial of the case in the District Court nor with the taking and filing of the appeal. In this connection it is argued that it would be a hardship on the government to have the appeal dismissed and the United States is not bound by the negligence of her agents and employees.

The transcript is not lengthy. The only error assigned is to the refusal of a directed verdict. The bill of exceptions consists mainly of the evidence in the case and could have been made up within a few days without any difficulty. Instead of doing this the attorneys representing the government obtained three successive orders extending the term to about October 1, 1933, for the purpose of preparing the bill of exceptions, and it was not settled and signed until September 26, 1933. A new trial was not asked for and the appeal was not taken until about two months after the judgment was entered. Had the case been between private parties, execution could have issued before that date. Appeals from the Northern District of Texas are heard at Fort Worth, the term beginning on the first Monday of November in each year. When the record was filed it was too late to set the case for hearing at the 1933 term as our settled practice is for the clerk to give notice to counsel of record of the fixing of all cases on the calendar at least 30 days before the beginning of the term to allow ample time for the writing of briefs. Consequently, appellee was delayed a year in the hearing of the appeal. This court has always been very liberal in extending the time for filing transcripts for good cause shown but, considering the above stated facts, the argument for the government is not at all persuasive. Of course, the attorneys now representing the United States are exonerated of negligence but, by merely changing attorneys on appeal, any litigant could make the same argument. In the meantime the delay might well amount to a denial of justice to the appellee. We find no good cause for disregarding our rules and ordering the filing of transcript nunc pro tunc.

The transcript having been filed too late, the appeal is dismissed.